ACCEPTED
01-14-01028-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/29/2015 2:11:53 PM
CHRISTOPHER PRINE
CLERK

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/29/2015 2:11:53 PM
CHRISTOPHER A. PRINE
Clerk

*VOID K*

# IN THE COURT OF APPEALS
## FIRST DISTRICT
301 Fannin St, Houston, TX, 77002

---

1st COA Case No. 01-14-01028-CV
(Oral Argument Waived)

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/30/2015 11:25:00 AM
CHRISTOPHER A. PRINE
Clerk

Originating Court Case No.    2014-63727

---

## BROWSERWEB MEDIA AGENCY
### Appellant

v.

## MAXUS ENERGY CORPORATION
### Appellee

---

## MOTION FOR PRODUCTION OF MISSING DOCUMENTS (CLERK'S RECORD)

---

## **ORDER**

The appellant refers to the Order dated March 10th, clarifying the pro-se's misunderstanding of the fact that the lower court's fee is in respect of the *Clerk's Record* and not the *Court Reporters Record* and wishes to thank the Court for the detailed explanation.

## **THE MISSING DOCUMENTS (CLERK'S RECORD)**

Upon receipt of the above Order and ruling, the Appellant entered into a phone call with the District Clerk's office pertaining to the Clerk's Record, fees and what documents were filed with this Appeals Court. Appellant was emailed an Index of the submission, *Exhibit 329* (by Duane C. Gilmore, Civil/Family Post Trial Clerk).

If you review the Index of documents, auspiciously absent is the ***Return of Citation and other documents pertaining to Service, Petition and Citation process by the lower court in this jurisdictional case.***

The appellant has made it very clear at all times, the argument in this appeal is lack of contract, lack of jurisdiction and the crux of this case. Ultimately this appeals case revolves around the invalid service.

It is this pro-se Appellants understanding of Texas law that:

*"Once the Respondent "has been served with a copy of the petition", the process server must complete a Return of Citation. The return lets the judge know how and when the Respondent was served. The Return of Citation must be filed in the clerk's office with the rest of the court papers."*

Extract from http://texaslawhelp.org/ - helping low income individuals solve civil legal issues (reference; PDF http://texaslawhelp.org/files/685E99A9-A3EB-6584-CA74-137E0474AE2C/attachments/E1597076-A0B9-476A-9C2E-2D7E4277AEC3/def_judg_kit_2005_to_2011.pdf ).

In this Appellant's case, Browserweb Media Agency and / or Mark Burke were never served properly and thus is one of the main arguments of the Appellant in this case to be presented.

Maxus and their debt collecting legal firm has four methods of allowable service under Texas law and none was executed correctly;

   (i)     Personal Service

   (ii)    Service by Certified Mail

   (iii)   Substituted or Alternative Service

   (iv)    Publication

The Appellant, unfortunately and innocently, did not understand that he could have any say in the compilation of the Clerk's Record. However, the fact that the lower court decided to submit the incomplete, yet unnecessarily overloaded record to this Court on their own volition is not the Appellants fault and he should not be judged by their actions.

The lower court submitted this Court Record to the appeals court and sent the appellant an invoice stating the appellant ***"requested this information"***. This is wrong and quite improper as the appellant never – as stated before, ever, requested the Clerk's Record as submitted.

Hence this Motion for Production of documents that <u>are</u> relevant to the Appeals case is being respectfully pleaded. The most critical documents pertaining to the Service Process are not included.

However, it may well be that service was known by the lower court to be incomplete. If the records show this documentation is <u>not</u> on file at the Clerk's office of the lower court, the law suit should have been at an end.

However, if the papers pertaining to *Return of Service* were submitted and accepted by the Clerk's office, it is critical evidence in this case.

# PRODUCTION OF DOCUMENTS

In order for justice to be served fairly in this law suit, the pro-se Appellant respectfully requests that the missing documents, namely the ***Return of Citation and other documents pertaining to Service, Petition and Citation process as documented by the lower court in this jurisdictional case*** be ordered to be produced.

*Or*

An affidavit is ordered to be submitted by the lower court that these documents are not included in their filing, as Service was not completed. (In which case it begs the question how the case went forward).

Unfortunately, without this clarification from the lower court, we will all be missing the vital flow of events and legal paper-trail that should have occurred.

As it stands, the Appellant is being asked to pay for the thousands of pages of irrelevant Exhibits submitted by the Clerk's office, namely Exhibits A-N.

There is absolutely *no* requirement for these documents in this Appeal.

However, as a pro-se Appellant, the key documents required to argue the case *are missing* and the Appellant would like for this Court to have the full facts that are relevant to this case - on the record and available for review.

**Case law in support of this motion;**

*State of Texas, et al – v- United States of America, et al (case no. 1:14-cv-00254)*

-Texas Judge Blocks Obama's Immigration Plans

**Facts in this quoted case;**

No matter what authority or power you think you may have, President of the United States or otherwise, to make liberal decisions against the State (the people) is not going to be upheld or tolerated.  In this case, for the lower court to supply the Appeals Court with a premeditated and edited version of the lower court case without the consent of the appellant is unconstitutional.

 For the record, this appellant is part of  "The People" and in particular "The People of Texas" and would ask to be allowed to digress briefly from legal format to quote the following;

*"We the people are the rightful masters of both Congress and the courts, not to overthrow the Constitution but to overthrow the men who pervert the Constitution."*

— Abraham Lincoln

*"The strength of the Constitution lies entirely in the determination of each citizen to defend it. Only if every single citizen feels duty bound to do his share in this defense are the constitutional rights secure."*

— Albert Einstein

There are plenty of cases to quote about lack of service, contract law and consideration, etc. That can be saved for the Brief. Right now, all the appellant desires is a fair submission of documents in order to facilitate a fair review.

## PRAYER

For these reasons, Appellant prays that this Court Orders the Clerk to submit the missing documents as stated.

**Declaration**

My name is Mark Stephen Burke, my date of birth is June 20th, 1967, my address is 46, Kingwood Greens Dr, Kingwood, TX 77339, USA and I declare under penalty of perjury that the foregoing is true and correct.[1]

---

[1] Sec. 132.001. UNSWORN DECLARATION. (a) Except as provided by Subsection (b), an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

Respectfully Submitted,
On this day, 29th March, 2015

**Mark Burke**
Browserweb Media Agency
46 Kingwood Greens Dr
Kingwood, Texas 77339
Telephone: (832) 654-3511
Facsimile: (866) 705-0576

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided to the following via USPS Mail on this 29th day of March, 2015:

**GIBBS & BRUNS, L.L.P.**
J. Benjamin Bireley
1100 Louisiana, Suite 5300
Houston, Texas 77002

BROWSERWEB MEDIA AGENCY

VS.              NO. 01-14-01028-CV    Case No: 2014-63727

MAXUS ENERGY CORPORATION

|  | PAGE |
|---|---|
| COVER PAGE | 1 |
| INDEX | 2 |
| MAXUS ENERGY CORPORATION'S APPLICATION AND MOTION TO CONFIRM ARBRITRATION AWARD IN PART FILED OCTOBER 29, 2014 | 3 |
| CIVIL CASE INFORMATION SHEET | 16 |
| PROPOSED ORDER CONFIRMING ARBITRATION AWARD IN PART | 18 |
| EXHIBIT A | 21 |
| EXHIBIT B | 23 |
| EXHIBIT C | 32 |
| EXHIBIT D | 148 |
| EXHIBIT E | 209 |
| EXHIBIT F | 224 |
| EXHIBIT G | 272 |
| EXHIBIT H | 274 |
| EXHIBIT I | 305 |
| EXHIBIT J | 315 |
| EXHIBIT K | 317 |
| EXHIBIT L | 322 |
| EXHIBIT M | 324 |
| EXHIBIT N | 326 |
| NOTICE OF HEARING FILED NOVEMBER 20, 2014 | 360 |
| ORDER CONFIRMING ARBITRATION AWARD IN PART SIGNED DECEMBER 8, 2014 | 362 |
| ELECTRONIC DOCKETSHEET | 365 |
| GENERAL ACTIVITY SCREEN | 366 |
| NOTICE OF APPEAL: CAUSE NO. 2014-63727 FILED DECEMBER 29, 2014 | 367 |
| CERTIFICATE | 373 |
| BILL OF COST | 374 |